```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NYNEIME IBOK,                      :
                                   :
                                   :
              Plaintiff,           :   05 Civ. 6584 (MBM)
                                   :   OPINION AND ORDER
      -against-                    :
                                   :
SIAC SECTOR, NYSE, JOHN THAIN,     :
DICK GRASSO, ROBERT BRITZ, FRED    :
DEL GAUDIO, LOU MODANO,            :
ED SZCEPANSKI, RON PERONE,         :
JEFF SIMME, RICH WARD &            :
R. MALDONADO,                      :
                                   :
              Defendants.          :
-----------------------------------X
```

APPEARANCES:

NYNEIME IBOK
(Plaintiff Pro Se)
188 Oxford Street
Orange, New Jersey 07050
(973) 207-9913

LLOYD B. CHINN, ESQ.
(Attorney for Defendants)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036-8299
(212) 969-3000

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Nyeneime Ibok, suing pro se, alleges that Securities Industry Automation Corporation ("SIAC"), Sector, Inc., New York Stock Exchange, Inc. ("NYSE"), John Thain, Dick Grasso, Robert Britz, Fred Del Gaudio, Lou Modano, Edward Szcepanski, Ron Perone, Jeff Simone, Rich Ward, and Ralph Maldonado discriminated against him on the basis of his race and sexually harassed him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a) (2000). Defendants Thain, Britz, Del Gaudio, Szcepanski, Perone, Simone, and Ward move to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motion is granted.

I.

What follows is a brief summary of the facts in this case as set forth in Ibok's complaint, response to defendants' motion to dismiss, and attached exhibits.[1]

Ibok, a black male, was employed as a Tech III from February 2001 until January 31, 2005 at SIAC-Sector, Inc.

---

[1] The Court may consider the factual allegations in plaintiff's Response to supplement those in his complaint because of the liberal standard afforded to the pleadings of pro se litigants. See Fox v. Fischer, No. 04 Civ. 6718, 2005 WL 1423580 at *2 n.1 (S.D.N.Y. June 14, 2005); Verley v. Goord, No. 02 Civ. 1182, 2004 U.S. Dist. LEXIS 857, at *15-17 (S.D.N.Y. Jan. 22, 2004) (collecting cases from this District applying this rule).

("Sector") in Brooklyn, NY. (Compl. ¶3; Compl. at 1-2) In April or May 2004, Ibok complained to Sector's Human Resources Department regarding discrimination he experienced in the workplace. (Compl. at 2) In response to Ibok's complaint, Sector appointed Simone, its Director of Operations and the subject of Ibok's complaints, to conduct the investigation of his claims; Ibok found this unsatisfactory and informed Sector he would take his case to the Equal Employment Opportunity Commission (the "EEOC"). (Compl. at 2)

Ibok alleges that, after he threatened to go to the EEOC, Maldonado, his supervisor, threatened to kill him and Simone told him that Maldonado was "watching" him. (Compl. at 2) During the rest of 2004, Maldonado monitored Ibok's job performance, reduced his job responsibilities, gave him two warnings within a two-month period, and gave him a negative job evaluation. (Compl. at 2; Pl. Response at 5-8; Pl. Response Ex. F) On January 31, 2005, Szcepanski, Sector's Vice President of Operations, informed Ibok that he was being laid off due to declining revenues. (Compl. at 2; Pl. Response Ex. G) After Ibok was laid off, Sector hired four employees who were not black to take on similar job functions to those Ibok had held. (Compl. at 2) During Ibok's employment at Sector, no black employees were promoted and white employees who were promoted had less education then Ibok. (Compl. at 2) Additionally, Maldonado made racial

discriminatory and sexually explicit comments to Ibok. (Compl. at 3-4) Thus, Ibok alleges that defendants' discrimination was manifested when he was sexually harassed at his workplace, retaliated against after he complained about discriminatory conduct, subjected to unequal terms and conditions of employment, not promoted, and ultimately fired. (Compl. ¶ 4) These discriminatory acts took place from February 2001 until Ibok's termination on January 31, 2005. (Compl. ¶ 5)

Ibok filed a charge with the New York State Division of Human Rights on February 15, 2005. (Compl. ¶ 9; Pl. Response Ex. J) He filed a charge with the EEOC on March 17, 2005. (Compl. ¶ 10; Pl. Response Ex. N, O, Q) The EEOC issued a Right to Sue Letter to Ibok on May 31, 2005. (Compl. ¶ 12) Ibok filed the present action on July 5, 2005. (Compl. at 5)

II.

It is well established under Second Circuit law that individuals are not subject to liability under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1996) (finding individuals "may not be held personally liable under Title VII."), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); see also Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004). Only "employer-entities" can be held liable under Title VII for the discriminatory conduct of their supervisors and agents. Tomka, 66

F.3d at 1313. Thus, because they are employees of Sector, not "employer-entities," Ibok cannot hold Thain, Britz, Del Gaudio, Szcepanski, Perone, Simone, and Ward liable under Title VII.

In his response, Ibok alleges claims under the New York State Human Rights Law, N.Y. Exec. Law § 296 (2005), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 (2003), 42 U.S.C. § 1983, and the common law theories of prima facie tort, tortious interference with contract, intentional infliction of emotional distress, and negligence. As these claims were not presented in his complaint, Ibok cannot assert them in his response and the court will not address them. In any event, it would seem highly problematic for the court to exercise discretionary supplemental jurisdiction over the pendent state claims, particularly when to do so would require the court also to exercise pendent party jurisdiction. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (holding the exercise of supplemental jurisdiction over pendent state claims is left to the discretion of the district court); 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3567.2 (2d ed. 2005 supp.) (28 U.S.C. § 1367 "has created confusion in a number of areas in which principles were thought to be well established.").

*                    *                    *

For the reasons set forth above, defendants' motion to dismiss the Title VII claims against Thain, Britz, Del Gaudio, Szcepanski, Perone, Simone, and Ward is granted.

SO ORDERED:

Dated: New York, New York
February 9, 2006

Michael B. Mukasey
U.S. District Judge